**STATE of Minnesota, Respondent,**

v.

**Bradley Keith FORBORD, Appellant.**

**No. C9-86-933.**

Court of Appeals of Minnesota.

Dec. 30, 1986.

Hubert H. Humphrey, III, Atty. Gen., Paul R. Kempainen, Sp. Asst. Atty. Gen., St. Paul, John W. Riches, II, Swift Co. Atty., Benson, for respondent.

John E. Mack, New London, for appellant.

Heard, considered and decided by POPOVICH, C.J., and PARKER and LESLIE, JJ.

## OPINION

LESLIE, Judge.

This appeal arises from convictions of possession and sale of marijuana in violation of Minn.Stat. §§ 152.01, 152.02, 152.09, 152.15 (1986). Appellant contends the trial court erred by failing to dismiss the charges for lack of speedy arrest; by admitting into evidence a scale seized 16 months after the alleged violations; and by admitting illegally obtained marijuana into evidence for impeachment purposes. Be-

cause admission of this evidence was prejudicial, we reverse and remand for a new trial.

## FACTS

On July 10, 1984 an agent of the Minnesota Bureau of Criminal Apprehension (BCA) went to the home of appellant Bradley Forbord to make a controlled purchase of marijuana. After some negotiations, Forbord went to his bedroom to get three bags of marijuana. Forbord sold what turned out to be 1.8 ounces of marijuana to the agent and told the agent that he usually had marijuana for sale.

The BCA's undercover investigation of drug dealing continued until November 25, 1985 when they arrested Forbord. The BCA agent again went to Forbord's home. The agent placed Forbord under arrest and Forbord went to his bedroom to fully clothe himself. The agent followed Forbord to the bedroom and observed a partially hidden scale sitting on a dresser. The agent seized the scale and other paraphernalia found there as evidence.

After the arrest the agent made a search of Forbord's home and discovered 12 ounces of marijuana. The state concedes this evidence was illegally obtained, and did not base any charges on the evidence. Prior to the omnibus hearing the prosecutor allegedly orally informed defense counsel that the materials seized after the arrest would not be introduced at trial. The prosecutor also sent a letter to defense counsel to confirm the oral assertion:

> Please be advised that in the above-entitled matter, the State will not seek to introduce as evidence the marijuana seized from Mr. Forbord at or after the time of arrest; nor will the State attempt to introduce statements made by defendant after he was taken into custody.

Forbord took the stand as the only witness for the defense. He stated he could not recall what he was doing on the date of the alleged violations except that he knew he did not sell marijuana to the BCA agent that day. The trial court found that For-

bord was "implying that he is not a dealer, hasn't been a dealer, (and) has not had possession" (sic). In order to impeach this testimony, the prosecution questioned Forbord about the marijuana seized at the time of the arrest. Forbord denied having any marijuana in his possession at the time of his arrest. The trial court then admitted the marijuana for the purpose of impeachment only and gave a limiting instruction to the jury.

The jury returned a verdict of guilty on both counts. The court denied Forbord's motion for new trial and this appeal followed.

## ISSUES

1. Whether the trial court erred in denying defendant's motion to dismiss for lack of speedy arrest?

2. Whether the trial court committed prejudicial error by admitting into evidence marijuana and a scale seized 16 months after the alleged offenses?

## ANALYSIS

■ 1. Forbord contends he was denied due process because his arrest came sixteen months after the alleged offenses. Statutes of limitations, which provide predictable, legislatively enacted limits on prosecutorial delay, provide the primary guarantee against bringing overly stale criminal charges. *United States v. Lovasco*, 431 U.S. 783, 789, 97 S.Ct. 2044, 2048, 52 L.Ed.2d 752 (1977). Compelling a prosecutor to file public charges as soon as the requisite proof has been developed against one participant on one charge would cause numerous problems in those cases involving more than one person or more than one illegal act and might impair the prosecutor's ability to continue his investigation, thereby preventing society from bringing lawbreakers to justice. *Id.* at 792–93, 97 S.Ct. at 2050. To prosecute a defendant following investigative delay does not deprive him of due process, even if his defense might have been somewhat prejudiced by the lapse of time. *Id.* at 796, 97 S.Ct. at 2051–52.

■ The trial court found that an earlier arrest of Forbord would have impaired the ongoing investigations being conducted by the BCA. The court found it was reasonable for the BCA to wait to arrest Forbord and found no prejudice to Forbord. *Lovasco* makes it clear that Forbord's claim of lack of due process must fail.

■ 2. Forbord's next contention is that the trial court abused its discretion by admitting irrelevant evidence. The state introduced, over Forbord's objection, a scale found in Forbord's home at the time of his arrest, 16 months after the alleged offenses. The trial court admitted the evidence, stating that the remoteness in time would go to the weight of the evidence.

Minnesota Rule of Evidence 401 provides:

"Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

Trial court decisions on relevancy objections will not be reversed absent an abuse of discretion. *Bresson v. Stoskoph*, 370 N.W.2d 80, 83 (Minn.Ct.App.1985). The trial court found that even though the scale was seized 16 months after the date of the alleged offense, it would be relevant evidence. According to the trial court, the remoteness in time was a factor that would go to the weight of the evidence.

■ The fact that Forbord possessed a scale 16 months after the date of the alleged offenses has little to do with his culpability for the offenses. He may have purchased the scale some time after the alleged offense. The proffered evidence is irrelevant in establishing the fact that Forbord possessed or sold marijuana. The trial court erred by introducing this evidence.

■ Forbord also contends the trial court erred by admitting into evidence over 12 ounces of marijuana illegally seized from Forbord's home. The trial court admitted the evidence and related testimony

for the limited purpose of attacking Forbord's credibility.

The Minnesota Rules of Evidence provide:

Specific instances of the conduct of a witness, for the purpose of attacking or supporting his credibility, other than conviction of crime as provided in rule 609, *may not be proved by extrinsic evidence.* They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning his character for truthfulness or untruthfulness * * *.

Minn.R.Evid. 608(b) (emphasis added). The committee comment to Rule 608(b) states:

It is permissible to impeach a witness on cross-examination by prior misconduct if the prior misconduct is probative of untruthfulness. (Citations omitted). However, because this is deemed an inquiry into a collateral matter *the cross-examiner may not disprove an answer by extrinsic evidence.*

*Id.* Committee Comment (emphasis added). Because cross-examination as to specific instances of conduct is deemed inquiry into collateral matters, the cross-examiner may not disprove the answer by extrinsic evidence; he must take the witness' answer. *State v. Clark,* 296 N.W.2d 359, 368 (Minn. 1980).

■ The state, over objection, was allowed to inquire into the fact that Forbord had over twelve ounces of marijuana in his possession at the time of his arrest. Because the evidence was illegally obtained, the state did not base charges on this evidence or attempt to introduce the evidence in its case in chief. Forbord denied having any marijuana in his possession at the time of his arrest. The state then introduced, again over objection, the illegally seized marijuana. The state should not have been allowed to disprove Forbord's answer by extrinsic evidence; it is clear the trial court erred by admitting the marijuana into evidence.

■ The trial court erred by admitting the scale and marijuana which were seized at the time of Forbord's arrest. The issue then becomes whether the mistakes were prejudicial enough to have deprived Forbord of a fair trial. Error in the reception of evidence will only be disregarded if there is no reasonable possibility that the evidence might have contributed to the conviction or when the defendant's guilt was conclusively proven. *State v. Fratzke,* 354 N.W.2d 402, 409 (Minn.1984).

■ Here, the only properly admitted evidence tending to prove Forbord's guilt was the testimony of the BCA agent. As the state acknowledged at oral argument, the jury had to decide who to believe, Forbord or the agent. Forbord's guilt is hardly "conclusively proven" on this evidence. The admission of the scale and the marijuana was highly prejudicial. The jury, faced with this prejudicial evidence could not have made a clear decision regarding Forbord's guilt. We remand for a new trial, excluding the prejudicial evidence.

We also note that the evidence should have been excluded for yet another reason. The state had agreed that it would not introduce the marijuana seized at the time of Forbord's arrest. The prosecutor claims he agreed that the state would not introduce the evidence in its case in chief. However, the prosecutor's letter does not contain this limitation. It merely states that the evidence will not be introduced. The prosecutor failed to keep his promise that he would not seek to introduce the marijuana seized after the arrest of Forbord. The evidence should have been excluded.

## DECISION

The trial court properly denied Forbord's motion to dismiss for lack of speedy arrest. The trial court committed prejudicial error by admitting extrinsic evidence to impeach appellant's credibility and by admitting irrelevant evidence.

Reversed and remanded for new trial.